Exhibit 1



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

June 28, 2017

Live Nation Entertainment, Inc.
Richard Patti Senior VP and Associate General Counsel
Live Nation
9348 Civic Center Drive
BEVERLY HILLS  CA  90210

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item:** 2017-267

| | | |
|---|---|---|
| 1. | **Client Entity:** | Live Nation Entertainment, Inc. |
| 2. | **Title of Action:** | Tiana Adams vs. Live Nation Entertainment, Inc., Et al. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint<br>Civil Case Cover Sheet<br>Certificate of Counsel |
| 4. | **Court/Agency:** | Riverside County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | RIC 1707024 |
| 7. | **Case Type:** | Violations of Consumer Legal Remedies Act |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 6/27/2017 |
| 10. | **Date to Client:** | Wednesday  6/28/2017 |
| 11. **# Days When Answer Due:** 30<br>**Answer Due Date:** 7/27/2017 | | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, Address and Phone Number) | Callahan , Thompson, Sherman, & Caudill, LLP<br>Irvine, CA<br>(949) 261-2872 |
| 13. | **Shipped to Client By:** | Regular Mail and Email with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note that the print quality of the original document is poor, as a courtesy the original is being sent to your attention by regular mail<br>Also Attached:<br>*Clerk's Certificate of Mailing |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410    Tel:    Fax: (561) 694-1639
www.CorporateCreations.com

Exhibit 1
- 1 -

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**  LIVE NATION ENTERTAINMENT, INC., a
*(AVISO AL DEMANDADO):* Delaware corporation; VIVID SEATS, LTD., an
Illinois corporation; and DOES 1 through 25, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 20 2017

M. Preciado

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TIANA ADAMS, individually and on behalf of all other similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Riverside Historic Courthouse
4050 Main Street
Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):*
RIC1707024

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lee A. Sherman, Esq. (SBN 127198) / Kyle R. DiNicola, Esq. (SBN 297542)    Tel: 949-261-2872    Fax: 949-261-6060
CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP
2601 Main Street, Suite 800
Irvine, CA 92614

DATE:                    APR 20 2017                   Clerk, by _____ M. PRECIADO _____, Deputy
*(Fecha)*                                              *(Secretario)*                                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Live Nation Entertainment, Inc., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit 1
- 2 -

1  LEE A. SHERMAN, ESQ. (SBN 172198)
   KYLE R. DINICOLA, ESQ. (SBN 297542)
2  CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP
   2601 Main Street, Suite 800
3  Irvine, California 92614
   Telephone   (949) 261-2872
4  Facsimile:  (949) 261-6060
   Email:      lsherman@ctsclaw.com
5              kdinicola@ctsclaw.com

6  Attorneys for Plaintiff,
   TIANA ADAMS
7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 2 0 2017

M. Preciado

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF RIVERSIDE

10

11 TIANA ADAMS, individually and on behalf      CASE NO.: RIC  1707 024
   of all others similarly situated,
12
                  Plaintiff,                    CLASS ACTION COMPLAINT FOR:
13
          vs.                                   1.  Violations of the Consumer Legal
14                                                  Remedies Act; and
   LIVE NATION ENTERTAINMENT, INC., a         2.  Violations of California Business &
15 Delaware corporation; VIVID SEATS, LTD.,        Professions Code §17200
   an Illinois corporation; and DOES 1 through
16 25, inclusive,                                       Jury Trial Demanded

17                Defendants.

18

19         COMES NOW Plaintiff, Tiana Adams, individually and on behalf of all others similarly

20 situated ("Plaintiff"), for causes of action in this Class Action Complaint against Defendants, Live

21 Nation Entertainment, Inc. ("Live Nation") and Vivid Seats, Ltd. (Vivid) (collectively

22 "Defendants") for violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code

23 §1760, et seq. and California Business and Professions Code §17200.

24                              **INTRODUCTION**

25         1.      Plaintiff's Complaint arises out of Defendants' conduct in selling tickets to Janet

26 Jackson's ("Jackson") "Unbreakable World Tour" ("Tour") to thousands of individuals throughout

27 the nation and their subsequent refusal to refund to Plaintiff and those similarly situated individuals,

28 the costs of their tickets, after Jackson announced that the Tour will be postponed until 2017.

                              **CLASS ACTION COMPLAINT**

Exhibit 1
- 3 -

### THE PARTIES

2.      At all relevant times, Plaintiff was and is a natural person and a resident of the State of California, living in Riverside County.

3.      At all relevant times, Live Nation is a Delaware corporation doing business in the State of California and, specifically, the County of Riverside. Ticket Master is owned and controlled by Live Nation. At all relevant times, Ticket Master was an agent of Live Nation and acted at the direction of Live Nation, to Live Nation's benefit.

4.      At all relevant times, Vivid Seats is an Illinois corporation doing business in the State of California and specifically, the County of Riverside.

### JURISDICTION

5.      The Court has personal jurisdiction over Defendants because Defendants submitted to personal jurisdiction in California by assigning agents for service of process in the state and by purposefully directing their activities to California and availing themselves of the benefits of the laws of California. Defendants' contacts with the State of California are sufficient for the Court to exercise personal jurisdiction over Defendants.

### VENUE

6.      The Riverside County Superior Court is the proper venue for Plaintiff's claims because Plaintiff resides in the City of Mira Loma, County of Riverside. When Plaintiff purchased tickets from Defendants' website, the transaction that is the subject matter of this litigation, said transaction was performed in the City of Mira Loma, County of Riverside, State of California.

7.      The State of California has significant contact and/or a significant aggregation of contacts that create a sufficient state interest in this Class Action such that the application of California substantive law to this case is neither arbitrary nor fundamentally unfair.

### GENERAL ALLEGATIONS

#### JACKSON'S "UNBREAKABLE WORLD TOUR"

8.      In or around May of 2015, Jackson announced the Tour via her website, http://www.janetjackson.com ("the Website"). The Website indicated that she would be performing approximately thirty (30) times throughout the United States between September of 2015 and

- 2 -

**CLASS ACTION COMPLAINT**

Exhibit 1

- 4 -

CTSClaw
CALLAHAN THOMSON SHERMAN & CAUDILL LLP

1  November of 2015. The Website made tickets available for purchase through a link correlating with

2  each event date. These links would redirect consumers to Ticket Master's website.

3      9.    Individuals directed to Ticket Mater's webpage from the Website, then had the option

4  to choose a quantity of tickets he or she is purchasing and to then enter in his or her payment

5  information and purchase tickets for the Tour, from Ticket Master.

6      10.    Ticket Master thus sold tickets to the Tour for Defendants' economic benefit.

7          TICKET MASTER'S SALE OF TICKETS AND REFUND POLICY

8      11.    As of July, 2015 Ticket Master's refund policy for "Cancelled Events" read as

9  follows:

10        We'll contact you and issue a refund automatically, including all fees

11        (except UPS and retail pickup fees, and fees on certain Major League
      Baseball purchases). Please return tickets bought at a retail location to

12        the same location.

13      12.    As of July, 2015 Ticket Master's refund policy for "Rescheduled Events" read as

14  follows:

15        We'll contact you with the new date and time ASAP. Can't make it?
      Refunds are up to the artist, team, venue, or promoter – but we'll do

16        everything we can to help. Contact us!

17          VIVID SEATS' INVOLVEMENT

18      13.    Vivid Seats is a marketplace for individuals to purchase tickets to sporting events,

19  concerts and theater events.

20      14.    As of July 2015, Vivid Seats' refund policy/ "Buyer Guarantee" read as follows:

21        If an event is canceled with no rescheduled date, you are naturally
      entitled to a full refund of the purchase price, excluding shipping

22        charges. For events that are rescheduled, we will assist you with any
      ticket reissuing concerns or help you sell your tickets if the new date

23        is no longer desirable to you.

24      15.    On or about July 20, 2015, Plaintiff visited Vivid Seats' website and purchased two

25  (2) tickets to Jackson's show scheduled for January 16, 2016 at the Honda Center in Anaheim,

26  California ("the Show").

27      16.    After submitting her payment information, Plaintiff received a confirmation e-mail

28  from Vivid Seats, with two (2) electronic tickets ("Tickets") from Ticket Master. The Tickets were

- 3 -

**CLASS ACTION COMPLAINT**

Exhibit 1

- 5 -

1  generated by "TicketFast" and subject to "the full terms found at www.ticketmaster.com." Nowhere

2  do the Tickets reflect that purchasers of tickets to the Tour are not bound by Ticket Master's terms,

3  if they do not purchase tickets directly from Ticket Master. Thus, Plaintiff and anyone else

4  purchasing tickets to the Tour, through their purchase, assented to the terms set forth by Ticket

5  Master and entered into an agreement with Ticket Master.

6      17.    On or about December 28, 2015, Plaintiff was advised by Vivid Seats that the Show

7  has been postponed. On or about January 14, 2016, Vivid Seats informed Plaintiff that the Show

8  was postponed to July 08, 2016.

9      18.    On or about April 06, 2016, Jackson announced that the Tour would be postponed

10  until 2017.

11      19.    On or about April 11, 2016, Vivid Seats informed Plaintiff that the Show has been

12  postponed from July 08, 2016. However, Vivid Seats did not provide a new date for the Show.

13      20.    Plaintiff has since contacted Vivid Seats multiple times, inquiring about a refund,

14  only to be advised that because the Show has not been cancelled, Plaintiff cannot get a refund.

15      21.    As of May 23, 2016, the Website is silent on the right of individuals to obtain refunds

16  for the Tour, with the exception of a link to a news article from U.S. Weekly, wherein, U.S. Weekly

17  claims that refunds for tickets to the Tour are available at the point of sale. However, as of May 23,

18  2016, Ticket Master's website does not reflect that it is offering refunds for tickets to the Tour and

19  reflects that Ticket Master maintains, in the substance, the same refund policy that was in effect in

20  July of 2015, prior to Plaintiff's purchase of the Tickets; specifically, that without a cancelled show,

21  no refunds will be provided.

22      22.    Ultimately, Ticketmaster, a company owned and controlled by Live Nation, sold

23  tickets on Jackson's behalf. Despite the fact that Jackson has not rescheduled the previously

24  postponed dates from the Tour, Vivid Seats and Ticket Master are taking the stance that the Tour

25  has merely been "rescheduled" and not "cancelled" and Jackson ratified their conduct through her

26  awareness of Vivid Seats and Ticket Master's policies and by directing individuals to the point of

27  sale, for a refund.

28

- 4 -

**CLASS ACTION COMPLAINT**

Exhibit 1

- 6 -

23.     Further, Jackson's conduct in postponing the Tour to 2017, without specific dates, reflects that Jackson is presently unaware when, if at all, she can complete the Tour.

24.     As a result of Defendants' conduct, Plaintiff has been financially harmed.

## CLASS ALLEGATIONS

25.     Plaintiff brings this Class Action Complaint individually and on behalf of all others similarly situated, whom are defined as follows ("The Class"):

> All individuals residing within the United States of America who purchased one or more tickets sold or otherwise distributed by Ticket Master, to one or more shows from Janet Jackson's "Unbreakable World Tour" that have been rescheduled.

26.     Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; (5) the legal representatives, successors and assigns of any such excluded person; and (6) any individuals who attended all shows on the Unbreakable World Tour for which they purchased tickets.

27.     The Class consists of thousands of consumers throughout the United States and is so numerous that the joinder of all such members would be impracticable. While Plaintiff is uncertain of the exact number of members in the Class, Plaintiff's estimate is based on the fact that the venue for the show Plaintiff was supposed to attend alone has a capacity of 18,336.00 and Ticketmaster is the official seller and distributor of tickets for the "Unbreakable World Tour." One (1) of the approximate thirty (30) venues where Jackson was supposed to perform provides a potential class consisting of at least 18,000 members.

28.     Members of the Class can be identified through Defendants' records including but not limited to purchase orders and sales receipts.

29.     There are multiple questions of law and fact that are common to Plaintiff's claims and the claims of the Class, including:

- 5 -

**CLASS ACTION COMPLAINT**

Exhibit 1
- 7 -

a.  Whether Ticket Master's refund policy is unconscionable;

b.  Whether Vivid Seats' refund policy is unconscionable;

c.  Whether Jackson ratified Ticket Mater's refund policy; and

d.  Whether Defendants' conduct constitutes unfair business practices pursuant to Business and Professions Code §17200.

30.  The aforementioned issues of law and fact predominate over any issues posed by the individual claims of members of the Class.

31.  Plaintiff possesses the same interests as members of the Class and suffered the same injuries as members of the Class. Plaintiff and members of the Class have paid to attend a showing of the Tour on a date that is agreeable to them, respectively, yet Plaintiff and members of the Class have already lost the benefits of the good and services they bargained for because they cannot attend a showing on the date they paid for. Further, Plaintiff and members of the Class share the same interests because none of them are eligible for a refund since the Tour has merely been "rescheduled" and not "cancelled," per Ticket Master.

32.  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff does not have any interests antagonistic to members of the Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members predominate over any questions affecting only individual Class members.

33.  A class action is a superior method for fairly and efficiently adjudication the claims of Plaintiff and members of the Class, as the value of individual claims compared to their expense and burden render individual claims impracticable to pursue.

### FIRST CAUSE OF ACTION-VIOLATIONS OF CONSUMER LEGAL REMEDIES ACT

#### (AGAINST ALL DEFENDANTS)

34.  Plaintiff reincorporates by reference, all preceding allegations in this Complaint as if fully set forth herein.

35.  Plaintiff is a "consumer" pursuant to the CLRA because at all relevant times, she purchased goods and services for personal, family and/or household purposes.

- 6 -

CLASS ACTION COMPLAINT

Exhibit 1
- 8 -

36.     Plaintiff's acts of purchasing the Tickets sold and distributed by Ticket Master, through Vivid Seats, constitutes a "Transaction" pursuant to the CLRA because her purchase of the Tickets formed agreements between Plaintiff and Ticket Master ("Ticket Master Agreement") and Plaintiff and Vivid Seats ("Vivid Seats Agreement")

37.     The Ticket Master Agreement contains a refund provision under which Ticket Master agrees to issues refunds on tickets for "cancelled" events but not for "rescheduled events," as does the Vivid Seats Agreement. Both Agreements amount to contracts of adhesion, as they are compromised of the terms and conditions set forth on the Tickets and the terms and conditions set forth on Ticket Master and Vivid Seats' websites; all of these terms and conditions are adhesive in nature, as they are set forth on form documents prepared by Ticket Master and Vivid Seats and are not subject to negotiation.

38.     Ticket Master and Vivid Seats are respectively enforcing these agreements as if Jackson's unspecified postponement of the Tour constitutes a "reschedule[ing]" of the Tour rather than a "cancellation." However, neither Ticket Master nor Vivid Seats' Agreements reflect that an event postponed to an unspecified time will be treated as a "rescheduled" event rather than a "cancelled" event. In essence, they are enforcing a provision that does not exist on the face of the Agreements and, thus, are inserting an unconscionable provision into contracts, in violation of Section 1770(a)(19) of the CLRA.

39.     Defendants' conduct was a substantial factor in causing Plaintiff and the Class members' financial harm for which Plaintiff seeks actual damages, injunctive and equitable relief and attorney's fees and costs.

## SECOND CAUSE OF ACTION- VIOLATIONS OF
## BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.

40.     Plaintiff reincorporates by reference, all preceding allegations in this Complaint as if fully set forth herein.

41.     Section 17200 of the California Business and Professions Code prohibits unfair and unlawful business practices.

42.     Defendants are "persons" as defined by the Business and Professions Code.

- 7 -

**CLASS ACTION COMPLAINT**

Exhibit 1
- 9 -

43.     Defendants engaged in business affecting commerce and trade within the State of California.

44.     Vivid Seats and Ticket Master engaged in unlawful business practices by attempting to insert an unconscionable provision into an agreement, in violation of the Consumer Legal Remedies Act, Section 1770(a)(19).

45.     Plaintiff and members of the Class have been financially harmed by Defendants' unfair and unlawful business practices. Said practices were a substantial factor in causing Plaintiff and the Class members' harm.

46.     This cause of action is brought to enforce important rights affecting the public interest.

### PRAYER FOR RELIEF

1.     Injunctive relief;

2.     Attorney's fees and costs; and

3.     Any other relief the Court deems necessary.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on behalf of herself and members of the Class.

DATED: April 18, 2017                    CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP

By: _____
LEE A. SHERMAN
KYLE R. DINICOLA
Attorneys for Plaintiff
TIANA ADAMS

- 8 -
CLASS ACTION COMPLAINT

Exhibit 1
- 10 -

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Lee A. Sherman, Esq. (SBN 172198)
Kyle R. DiNicola, Esq. (SBN 297542)
CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP
2601 Main Street, Suite 800
Irvine, CA 92614

TELEPHONE NO.: (949) 261-2872     FAX NO.: (949) 261-6060
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME: ADAMS V. LIVE NATION ENTERTAINMENT, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RIC 1707024 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[X] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Two (2)

5. This case [X] is [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: April 18, 2017

KYLE R. DINICOLA
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit 1
- 11 -

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 311 E. Ramsey St., Banning, CA 92220<br>☐ BLYTHE 265 N. Broadway, Blythe, CA 92225<br>☐ HEMET 880 N. State St., Hemet, CA 92543<br>☐ MORENO VALLEY 13800 Heacock St., Ste. D201,<br>     Moreno Valley, CA 92553 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563<br>☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262<br>☒ RIVERSIDE 4050 Main St., Riverside, CA 92501<br>☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Lee A. Sherman, Esq. (SBN 127198)
Kyle R. DiNicola, Esq. (SBN 297542)
CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP
2601 Main Street, Suite 800
Irvine, CA 92614
TELEPHONE NO: (949) 261-2872    FAX NO. *(Optional)*: (949) 261-6060
E-MAIL ADDRESS *(Optional)*: kdinicola@ctsclaw.com
ATTORNEY FOR *(Name)*: TIANA ADAMS

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 20 2017

M. Preciado

PLAINTIFF/PETITIONER: TIANA ADAMS

DEFENDANT/RESPONDENT: LIVE NATION ENTERTAINMENT, INC., et al.

CASE NUMBER:
RIC 1707 024

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of:    91752 _____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date April 18, 2017 _____

KYLE R. DINICOLA _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ (SIGNATURE)

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-030 [Rev. 06/18/13] | **CERTIFICATE OF COUNSEL** | Page 1 of 1<br>Local Rule 1.0015<br>riverside.courts.ca.gov/localforms/localforms.shtml<br>RI-030 |

Exhibit 1
- 12 -

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

| CASE TITLE: Adams v. Live Nation Entertainment, Inc. | Department 5 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE |
| CASE NO.: RIC1707024 | | |
| DATE: April 28, 2017 | | APR 2 8 2017 |
| PROCEEDING: Class Action Case Management Order #1 | | S. Salazar |

Unless and until ordered otherwise, this Case Management Order (CMO) shall govern the management of this case.

A. **CASE MANAGEMENT**

1.  The Court finds that this is a complex case. (Cal. Rules of Court, rules 3.400(c)(6) and 3.403(b).) The clerk shall impose fees accordingly. The court will entertain objections to this designation at the next Case Management Conference or status conference.

2.  This case has been assigned to Department 5 for all purposes, including case management, law and motion, and trial.

3.  The plaintiff shall serve a copy of this CMO on any defendants who have not yet appeared, and shall file proof of service promptly thereafter.

4.  Any party who has appeared in the action at the time this CMO is entered has 15 days from the service of the CMO in which to object to the CMO. Any party appearing after the entry of the CMO shall have 15 days from that initial appearance in which to object to the CMO. Any such objections shall be in writing and shall be presented to the Court in the form of a noticed motion to amend the CMO. Any party that fails to file such a motion within those 15 days forfeits its objections to the CMO.

5.  If the Court issues an order to show cause why the Court should not take some specified action:

    a.  The party to whom the OSC is directed shall respond with a written declaration filed five days before the hearing on the OSC. (Cal. Rules of Court, rule 3.110(i); RSC Local Rule 3116.) The Court may deem the failure to file a timely declaration, by itself, to constitute an admission by the responding party that good cause to avoid the threatened sanction or other action does not exist. (RSC Local Rule 3116.)

    b.  If the order to show cause threatens the imposition of monetary or other sanctions for the violation of a court order or rule, then counsel for the party to whom the OSC is directed must not only file a timely declaration, but must also personally appear in court at the date set for the return of the OSC. (Cal. Rules of Court, rule 3.670(e)(2)(A).)

Exhibit 1
- 13 -

6.    Not later than five court days in advance of the first Case Management Conference after all parties have appeared, the parties shall file the joint statement required by RSC Local Rule 3160 instead of Judicial Council form CM-110 [case management statement]. In addition to the items listed in that rule, the statement shall advise the Court whether any of the parties or their counsel are aware of any other class action, putative class action, or other type of representative or collective action in this or any other jurisdiction that asserts claims similar to those here on behalf of a class, putative class, or other group of individuals that in any way overlaps with the putative class alleged here.

7.    Not later than five court days before any subsequent Case Management Conference or status conference, the parties shall file a joint statement that:

    a.    Describes the status of the case, including the parties' discovery plan, the degree to which that plan has been implemented, and mediation efforts; and

    b.    Identifies any issues or concerns that either party wishes to discuss with the Court.

8.    Because the Court intends to conduct portions of the Case Management Conference and status conferences informally, in chambers, the lead counsel shall personally appear. Appearance via Court Call is not permitted.

## B.    SERVICE AND RESPONSIVE PLEADINGS

1.    All defendants named at the time of the filing of this CMO shall be served, and proofs of service filed, prior to the case management conference.

2.    Any defendant named after the filing of this CMO shall be served, and proof of service shall be filed, within 60 days of the filing of the pleading, amendment, or amended pleading naming that defendant. (Modifying Cal. Rules of Court, rule 3.110(b).)

3.    The power of the plaintiff to grant extensions of time in which to file responsive pleadings is subject to the limits in California Rules of Court, rule 3.110(d), except that the maximum extension by counsel is extended to 30 days.

4.    If a defendant fails to file an answer or any other responsive pleading within 30 days of service, or within any extension granted by the plaintiff or the Court, the plaintiff must request entry of default not later than 30 days after the time for service of the responsive pleading has elapsed. (Modifying Cal. Rules of Court, rule 3.110(g).)

5.    The plaintiff shall serve a copy of this CMO simultaneously with any summons and complaint served after the date of entry of this order.

6.    The Court should not be asked to evaluate the sufficiency of a pleading until the pleader has stated his or her case or defense as strongly as possible. Therefore, if a party is considering either an amendment of a pleading or a challenge to an opponent's pleading:

    a.    The parties shall strictly comply with Code of Civil Procedure section 430.41, which requires that parties meet and confer before any demurrer is filed. Similarly, before filing any other challenge to an opponent's pleading, such as a motion to

Page 2 of 15

Exhibit 1

- 14 -

      strike or a motion for judgment on the pleadings, the parties shall meet and confer to determine whether the challenge is arguably meritorious and, if so, whether the parties will stipulate to leave to amend being granted to allow the pleading to be amended in an attempt to cure the asserted defect.

b.     Any party who believes that his or her pleading needs to be amended shall meet and confer with the opposing party to discuss whether the amendment is arguably necessary and whether the opposing party will stipulate to the filing of the amended pleading. Consent to such an amendment shall not be unreasonably withheld.

c.     The parties "shall meet and confer in person or by telephone" (§ 430.41, subd. (a)) to discuss any arguable defects in the pleadings, and whether those potential defects can be resolved or diminished by amendment. Merely sending a letter or email to opposing counsel does not constitute a meeting, and thus does not comply with this order. Counsel for the moving or demurring party must follow up on any such written communication with an oral request either by telephone or in person.

d.     Any challenge to a pleading, and any motion for leave to amend a pleading, must be accompanied by a declaration describing those meet-and-confer efforts and establishing that such a stipulation to amend was sought without success.

e.     In the absence of evidence of such an effort to meet and confer, the Court may overrule the demurrer, deny the motion, or continue the hearing until such an effort has been made.

## C.   REQUESTS FOR DISMISSAL OF CLASS CLAIMS

If the plaintiff seeks to dismiss the entire action, to dismiss any defendant from the action, or to dismiss or otherwise abandon the class allegations in the action:

1.     Because any such dismissal requires court approval, the plaintiff shall not use the preprinted Request for Dismissal, Judicial Council form CIV-110. Instead, the request shall be made by the submission to the court of (a) a declaration from plaintiff's counsel, (b) a declaration from each named plaintiff, and (c) a proposed order of dismissal. .

2.     The declarations must comply with California Rules of Court, rule 3.770(a), pertaining to any consideration being paid for the dismissal. Because the purpose of the requirement is to avoid collusion between the parties to the detriment of the potential class members, the showing must be made by declaration rather than by stipulation.

3.     Because the Court must also decide whether notice should be given to actual or potential class members (Cal. Rules of Court, rule 3.770(c)), the declarations shall also state (a) whether either the plaintiff or plaintiff's counsel has ever informed any of the potential class members – whether formally or informally, orally or in writing, individually or as a group – of the preparation, filing, or pendency of the action, and (b) if so, the nature and extent of that information, and whether the declarant knows the name and mailing address of the potential class member or members to whom that information was communicated.

Page 3 of 15

Exhibit 1

- 15 -

4.    Any request shall explain why the putative class members will not be prejudiced by the requested dismissal.

5.    If the dismissal is in exchange for any consideration, the application shall explain each of the following:

   a.    What is the form and value of the consideration, and to whom is it to be paid?

   b.    If the consideration is in the form of one or more monetary payments, how were the payments calculated?

   c.    How is the retention of that consideration either by the plaintiff or the plaintiff's attorney consistent with their respective fiduciary duties to the class?

   d.    If the plaintiff is to give a release in addition to a dismissal, what is the scope of that release?

D.    DISCOVERY

1.    Counsel are encouraged to engage in informal discovery rather than relying on formal discovery. The Court does not stay or otherwise limit informal discovery.

2.    All formal discovery concerning solely the merits of the plaintiff's claims (as opposed to whether a class should be certified to prosecute those claims) is stayed until a motion regarding class certification has been filed and decided.

3.    Unless the parties agree otherwise, all formal discovery concerning class-certification issues is stayed pending further order of the court.

4.    Requests for leave to propound formal discovery concerning class-certification issues may be made either by submitting a declaration and proposed order or by making an oral request at status conferences or informal conferences with the Court, in accordance with paragraph 5 below. The Court will grant such a request if the applicant demonstrates:

   a.    That the parties have met and conferred to discuss both (i) the scope and sources of the information needed to support or oppose a class-certification motion and (ii) whether the parties would agree to exchange that information informally;

   b.    That the parties were unable to reach an agreement; and

   c.    The discovery is reasonably necessary either (i) to permit a meaningful mediation or (ii) to make or oppose a certification motion.

5.    No discovery motions may be filed without leave of court. If a discovery dispute arises:

   a.    The parties shall meet and confer either in person or by telephone in a good-faith effort to resolve the dispute. If, despite that effort, the parties are unable to resolve the dispute, then counsel shall contact the clerk of this department to schedule an informal conference at which the court will discuss the dispute with counsel and, if

Page 4 of 15

Exhibit 1

                    not resolved to the parties' satisfaction, will consider any request for leave to file a formal motion.

    b.    The conference may be conducted by telephone or in person, as counsel prefer. Prior to the conference, the party seeking relief shall provide the clerk of this department with a brief (two-to-three sentence) description in writing of the reason for the conference. If the conference is to be by telephone, counsel shall also provide the clerk with the call-in telephone number and passcode.

    c.    If the opposing side will not agree to participate in the informal conference, then the moving party shall bring an ex parte application for leave to file a discovery motion.

### E.    MEDIATION AND CLASS CERTIFICATION

1.    The court expects the parties to engage in private mediation at the earliest practicable time, i.e., as soon as all parties have obtained, through informal means, sufficient information from the opposing party(s) to enable them to engage in meaningful mediation.

2.    No motion for class certification or to deny class certification shall be filed without leave of court. Before leave to file such a motion is requested, the Court expects the parties to have exhausted efforts to mediate a resolution of the case.

3.    At the time that the Court grants leave of court to file either a motion for class certification or a motion denying class certification, the Court will also establish a briefing schedule and will set a status conference on a date after the reply brief is due. At the status conference, the Court will determine (a) the date on which the motion will be heard and (b) whether the hearing will be continued to allow for further mediation. Therefore, the moving party shall not reserve a hearing date at the time that the motion is filed.

### F.    MOTIONS & APPLICATIONS GENERALLY

1.    A party making an ex parte application must, inter alia, "[a]ttempt to determine whether the opposing party will appear to oppose the application." (Cal. Rules of Court, rule 3.1204(a)(2).) That attempt shall be made by telephone. Written notice asking the opposing party to inform the moving party of the opposing party's intentions is not sufficient.

2.    A party desiring an order shortening time for notice of a motion shall not bring an ex parte application for such an order until that party has first (a) reserved the earliest available hearing date for the motion and (b) filed the motion. The Court will not deem the ex parte application as constituting the motion to be heard.

3.    Any request for relief from a forfeiture of the right to a jury trial must be brought in the form of a noticed motion to be heard not later than the Trial Readiness Conference, or if no TRC is set, then not later than 21 days before the date first set for trial.

Exhibit 1
- 17 -

4. Any party who obtains an order as a result of any motion, application, stipulation or recommendation filed by that party shall promptly (a) serve a copy of that order on all parties and (b) file a proof of that service with the Court.

5. Any motion or application for relief shall describe any prior motion or application in this case for the same or similar relief, including the name of the party who brought the prior motion or application, the date of the ruling on that motion or application, and the nature of that ruling.

6. Any request to continue a hearing, a case management conference, or a status conference must be (a) labelled as being a request for such relief, (b) supported by a declaration or stipulation establishing the facts that demonstrate good cause for that relief, and (c) accompanied by a proposed order.

7. If the court is asked to take judicial notice of some document already filed with the Riverside Superior Court to support or oppose some motion or application, the request shall state (a) the name and case number of the case in which the document is filed, (b) the full name of the document, and (c) the date on which the document was filed. (Cal. Rules of Court, rule 3.1306(c)(1).) A second copy of the document shall not be attached to the request.

8. Counsel shall not lodge copies of out-of-state authorities to which they have cited unless that authority is not available on Lexis and Westlaw.

## G.   MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENT

If the matter is settled and a motion for preliminary approval of the settlement is filed:

In General

1. The motion shall be supported by a declaration from the plaintiff's attorney that, inter alia:

   a. Sets forth the attorney's estimate of the number of individuals in the class.

   b. Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class would be awarded if the action were successful at trial on all of its claims.

   c. Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class could reasonably expect to be awarded at trial, taking into account the likelihood of prevailing and other attendant risks.

   d. Sets forth the attorney's estimate of the recovery by the average class member if the settlement were approved. If the recovery by different class members will vary, the attorney shall also estimate the range (high and low) of possible recoveries.

   e. Describes the formal and informal discovery exchanged and other factual investigation conducted to determine the size of the class and the strength of the class claims.

Page 6 of 15

Exhibit 1
- 18 -

f.   States (i) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals who would also be members of the class defined in this action and, if so, (ii) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case. Before making that declaration, the attorney shall make reasonable inquiry of the plaintiff and of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar actions.

g.   States whether there is a fee-splitting agreement between plaintiff's counsel and any other attorney or law firm. If so, the declaration shall identify the other attorney or law firm, shall describe the terms of that agreement, and shall state whether the named plaintiff has approved that agreement in writing.

2.   The motion shall be supported by a declaration from the defendant's attorney that states (a) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals who would also be members of the class defined in this action and, if so, (b) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case. Before making that declaration, the attorney shall make reasonable inquiry of the defendant and of other members of the attorney's law firm and any associated law firm to determine whether the defendant or those individuals are aware of any such similar actions.

3.   If the settlement provides that any unclaimed or otherwise unpaid residue of the settlement proceeds are to be distributed to a proposed *cy pres* recipient:

a.   The motion shall explain why a *cy pres* recipient is reasonably necessary.

b.   The declarations of the attorneys for the plaintiff and for the defendant shall describe any relationship between the proposed *cy pres* recipient and (i) any class representative or other party, (ii) any officer, director, or manager of any party, or (iii) any attorney or lawfirm for any party.

c.   The motion shall be supported by a declaration from a knowledgeable person from the proposed *cy pres* recipient establishing that the recipient is either (i) a nonprofit organization or foundation that supports projects that will benefit the class or similarly situated persons, or that promotes the law consistent with the objectives and purposes of the underlying cause of action, (ii) a child advocacy program, or (iii) a nonprofit organizations providing civil legal services to the indigent. (See Code Civ. Proc., § 384, subd. (b).) In particular, that declaration shall describe the history of the recipient, the types of projects that it has conducted or supported over

Page 7 of 15

Exhibit 1
- 19 -

the last five years, and any particular use to which it would intend to devote the unpaid residue if received.

    d.    In the Court's view, Code of Civil Procedure section 384, subdivision (b), lists the possible recipients of unpaid residue in a descending order of preference. If the *cy pres* recipient proposed by the parties is one involved in child advocacy or that provides civil legal services to the indigent, the motion shall include a declaration explaining why the parties did not propose an organization that will either "benefit the class or similarly situated persons, or . . . promote the law consistent with the objectives and purposes of the underlying cause of action."

4.    If notice is not to be given by first class mail, the motion shall discuss the proposed method of giving notice, the alternative methods considered, and the reasons that the proposed method is the one most likely to give actual notice to the greatest number of class members. If the identities of the class members are not known, the parties shall consider publication of notice in print, on the web, and through social media.

5.    If the settlement requires any of the class members to submit claims:

    a.    The motion shall explain why a claim process is reasonably necessary. If the defendant knows (i) the identity of the class members, (ii) their addresses or former addresses, and (iii) the facts necessary to calculate the recovery of each class member, the Court will require a strong showing of necessity for a claims process.

    b.    The motion shall explain the anticipated claims rate, and the basis for that prediction.

6.    Any release to be given by the participating class members (other than the class representatives) shall be limited to:

    a.    The defendants named in the complaint, together with their officers, directors, employees and agents. If any other parties are sought to be released, the motion shall both (i) identify those other parties by name and (ii) explain the facts that justify their inclusion.

    b.    The claims stated in the complaint and those based on the facts alleged in the complaint.

7.    If the settlement contemplates the use of an administrator to implement the terms of the settlement, the motion shall be supported by a declaration describing the administrator's competence, the fee to be charged by the administrator, and whether that fee is (a) fixed, (b) hourly, or (c) hourly with a cap. If the fee is fixed, the declaration shall explain how the price was calculated.

8.    The settlement agreement shall describe how the value of any uncashed checks will be distributed.

9.    If the settlement includes compensation for unpaid wages, the settlement agreement shall describe how the employer's share of any applicable payroll taxes will be handled. The

Page 8 of 15

Exhibit 1

- 20 -

Court suggests that the employer's share not be paid out of the gross settlement fund. The Court is not likely to include the amount of those payments when calculating the plaintiff's counsel's percentage attorney's fee.

10. The settlement agreement shall not include a provision that the class members shall be deemed to have agreed not to sue on any released claims, or any other provision that may expose the class members to potential liability for either breach of contract or misrepresentation.

11. The documents that will be read by or used by the class members – the proposed notice, objection form, exclusion form, and any claim form – shall be drafted in a manner that is likely to be readily understood by the members of the class. To assist the Court in determining whether those documents comply with that directive, the motion shall be supported by a declaration on personal knowledge concerning the likely age, education, and experience of the class members, and of their ability to read and comprehend English.

The Order

12. The motion shall be accompanied by a separate proposed order which shall include, as attachments to the order, the proposed notice (Cal. Rules of Court, rule 3.769(e)), proposed exclusion form, proposed objection form, and any proposed claim form. The Court is likely to modify those proposed forms. Therefore, the Court will not issue an order that merely incorporates by reference the forms attached to the settlement agreement. The settlement agreement must be filed, but should not also be attached to the proposed order.

13. Counsel shall carefully review both the terms and the terminology of the proposed order and accompanying forms (proposed notice, objection form, exclusion form, and any claim form) to confirm that the various documents are consistent with each other and with the settlement agreement.

14. The proposed order shall state the name of any settlement administrator, and shall describe the nature of the services that the administrator will be required to perform, either directly or by reference to the settlement agreement.

15. The proposed order shall provide that the notice shall be accompanied by an exclusion (or "election not to participate") form that the class members may use. The order shall provide that any exclusion form shall be submitted to the settlement administrator rather than filed with the court.. The order shall not require the class member to send copies of the exclusion form to counsel, but may require the settlement administrator to do so. The order shall provide that the settlement administrator shall file a declaration concurrently with the filing of any motion for final approval, authenticating a copy of every such exclusion form received by the administrator.

16. The proposed order shall provide that the notice shall be accompanied by an objection form that the class members may use. The order shall provide that any objection shall be submitted to the settlement administrator rather than filed with the court. The order shall not require the class member to send copies of the objection form to counsel, but may require the settlement administrator to do so. The order shall provide that the settlement

Page 9 of 15

Exhibit 1
- 21 -

administrator shall file a declaration concurrently with the filing of any motion for final approval, authenticating a copy of every such objection.

17. The proposed order shall not require an objecting party to do either of the following:

    a. To appear, either personally or through counsel, at the hearing on the motion for final approval for that party's objection to be considered.

    b. To file or serve a notice of intention to appear at the hearing on the motion for final approval.

18. The order shall require that either counsel or the administrator give notice to any objecting party of any continuance of the hearing of the motion for final approval.

19. If the proposed order includes a provision enjoining the class members from filing any actions or administrative claims or proceedings pending the final hearing on the settlement, or for any other period, the motion shall include citations to authority for the issuance of such an injunction without notice to or opportunity to be heard by the individuals to be enjoined.

20. If notice is to be given by mail, and if the class members will be required to submit a claim form, the order shall provide:

    a. That the notice be accompanied by a stamped envelope addressed to the claims administrator; and

    b. That the claims administrator be required to send a reminder notice to every class member from whom no claim or exclusion request is received within 30 days of mailing the notice.

### Notice

21. Unless the notice describes the approximate recovery by the individual class member to whom the notice is sent, the notice shall include an estimate of the likely recovery by the average class member. If the recovery by different members will vary, the notice shall also include an estimate of the range of possible recoveries.

22. To avoid discouraging any dissenting class members from objecting to the proposed settlement, the notice shall clearly indicate that the Court has determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable, and that any final determination of those issues will be made at the final hearing.

23. The notice shall advise the class members of where they can find the settlement agreement, by describing (a) the full title and filing date either of the settlement agreement or of the declaration or other document to which the agreement was attached when filed with the Court, (b) the address of the courthouse to which the case is assigned, and (c) the address of the court's website at which the case file can be viewed on-line.

### Claim Form

Page 10 of 15

Exhibit 1
- 22 -

24. The information required to be provided by the class member on any claim form shall not exceed the minimum information necessary to process the claim.

Objection Form

25. The objection form shall (a) instruct the objecting class member that the objection must be mailed to the settlement administrator, (b) state the name and address of the settlement administrator, and (c) state the date by which the objection must be mailed.

26. The information required to be provided by an objecting class member on the objection form shall not exceed the minimum information necessary to (a) identify the objector as a person entitled to object to the settlement and (b) to describe the nature of the objection.

27. If a claim must be submitted to participate in the settlement, the objection form shall remind the objector that, to participate in the settlement in the event that the objection is overruled, the objector must also submit a claim.

Exclusion Form

28. The exclusion form shall (a) instruct the class member seeking exclusion that the exclusion form must be mailed to the settlement administrator, (b) state the name and address of the settlement administrator, and (c) state the date by which the exclusion form must be mailed.

PAGA Penalties

29. If the action includes a claim for statutory penalties under the Labor Code Private Attorney General Act of 2004 ("PAGA"), the motion shall explain the terms of any settlement of that claim.

30. If the settlement provides for the payment of penalties under PAGA, the motion shall be accompanied by a declaration describing how the penalties were calculated and otherwise establishing facts sufficient to allow the Court to review and approve those penalties as required by Labor Code section 2699, subdivision (*l*). In particular, the declaration shall explain:

    a. The nature of the alleged violations.

    b. The number of alleged individual violations, including both the length of the relevant employment period and the number of employees allegedly employed during that period.

    c. The total amount of penalties for which the defendant is potentially liable were those allegations to be proven.

31. If the agreed-upon amount of PAGA penalties is less than the statutory maximum, the declaration shall explain why greater penalties would be unjust, arbitrary and oppressive, or confiscatory. (Lab. Code, § 2699, subd. (e)(2); *Amaral vs. Cintax Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1213-1214.) In particular, the declaration shall explain:

Page 11 of 15

Exhibit 1

- 23 -

a.     The extent to which the alleged violations would be likely to be found true at trial, considering the weight of the evidence, the clarity of the applicable law, and the strength of any factual or legal defense likely to be asserted by the defendant.

b.     The nature and extent of the discovery or other investigation undertaken by the plaintiff to estimate the likelihood of proving those allegations at trial.

c.     The likelihood that any violations would be proven to have been knowing and intentional.

d.     The total amount of penalties for which the defendant would be likely to be found liable at trial.

e.     Any facts that tend to suggest that the imposition of the total amount of statutory penalties for which the defendant would be likely to be found liable at trial would be unjust, arbitrary and oppressive, or confiscatory.

f.     How the amount of the agreed-upon penalties was calculated or otherwise arrived at.

g.     Whether the parties utilized the services of any neutral party to mediate this dispute.

h.     Any other factors that are material to a determination that the amount of the agreed-upon penalties is fair.

Revised Documents

32.    If the Court either denies the motion or continues the hearing on the motion, and if the plaintiff thereafter files any amended stipulation, proposed order, or other document in support of either that motion or a renewed motion, the plaintiff shall submit directly to the clerk of Department 5 a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.

H.    MOTIONS FOR FINAL APPROVAL OF A SETTLEMENT

If the matter is settled and a motion for final approval of the settlement is filed:

1.     The order granting preliminary approval will set the date for the hearing on the plaintiff's motion for final approval. Promptly after the entry of that order, the plaintiff shall reserve a law and motion hearing on the date set in the order.

2.     Any request for a "service," "enhancement," or "incentive" payment to a named class representative shall be supported by a declaration from the proposed recipient in which the declarant:

a.     Describes the services performed by the declarant to further the prosecution of the action;

b.     Estimates the time incurred by the declarant in performing those services;

c.     Describes any risks assumed by the declarant in prosecuting the action;

Page 12 of 15

Exhibit 1
- 24 -

    d.    Describes any adverse consequences actually suffered by the declarant as a result of prosecuting the action;

    e.    Describes any benefits received by the declarant as a result of prosecuting the action;

    f.    Describes the nature and amount of any expenses incurred by the declarant to further the prosecution of this action; and

    g.    Identifies any other case, pending or closed, in which the declarant is or was the named class representative.

3.    Any request for compensation for the services of any settlement administrator shall be supported by a declaration from the administrator describing (a) the services performed, (b) the time incurred to perform those services, and (c) either the hourly rate charged for those services or the agreed-upon flat fee.

4.    Any request for compensation for attorney's fees in a case that does not result in the creation of a common fund shall be supported by a lodestar analysis. Any request for an attorney-fee award measured as a percentage of a common fund shall be supported by a lodestar analysis as a cross-check for the reasonableness of such a percentage award. Therefore, plaintiff's counsel should maintain contemporaneous time records for this case from this date forward, in time increments of no more than a tenth of an hour. In either case, the lodestar analysis shall be supported by a declaration that:

    a.    Authenticates copies of the time records maintained by the plaintiff's attorneys for the services performed in this case. If no time records were maintained, then the declaration shall state that fact, and shall (i) explain why no such records were kept, (ii) state the date on which legal services were provided, (iii) describe in detail the nature of those services, (iv) estimate the time incurred in performing those services, and (v) describe the basis for that estimate.

    b.    Describes both (i) the hourly rate or rates customarily charged by each attorney for that attorney's time during the period in which those services were performed, and (ii) the attorney's experience and expertise that justify such a rate. The declaration shall state whether the attorney has clients that pay that rate, and if so, the percentage of the attorney's clients that do so. If the attorney works exclusively on a contingency basis, the declaration shall explain the basis for the hourly rate assigned to that attorney's work.

5.    Any request for compensation for expenses incurred by the plaintiff's attorneys shall be supported by a detailed declaration or other evidence describing the date, nature, and amount of each expense incurred. In particular:

    a.    Any travel expenses shall identify the mode of travel (e.g., by car, taxi, airplane, etc.), the starting point, the destination, and the number of persons making the trip.

    b.    Any expenses for overnight accommodations shall explain the necessity for staying overnight and the number of persons doing so.

Page 13 of 15

Exhibit 1

- 25 -

6. The motion shall be accompanied by a declaration from the settlement administrator. The declaration shall describe both (a) the administrator's distribution of the notice, objection form, exclusion form, and any claim form, and (b) the results thereof. In addition, the declaration shall attach and authenticate (a) a copy of the final version of the notice, (b) a copy of every objection form received, and (c) a copy of every exclusion form received. If the reasons stated on any objection form are in a language other than English, the administrator shall include a translation into English.

7. If the settlement includes compensation for unpaid wages, and if the employer's share of the payroll taxes is to be paid out of the settlement funds, the motion shall be supported by a declaration estimating the amount of those taxes.

8. Because it would potentially expose the class members to a contempt charge, the judgment shall not bar or otherwise enjoin the class members from prosecuting the released claims. Nor shall the judgment include a provision that the class members shall be deemed to have agreed not to sue on any released claims, or any other provision that may expose the class members to potential liability for either breach of contract or misrepresentation.

9. Neither the proposed order nor the proposed judgment shall provide for the dismissal of the action. (Cal. Rules of Court, rule 3.769(h).)

10. The order granting the motion for final approval shall set a deadline for the filing of a report concerning "the total amount that was actually paid to the class members." (Code Civ. Proc., § 384, subd. (b).)

11. Any report pursuant to Code of Civil Procedure section 384, subdivision (b), shall be in the form of a declaration from the administrator or other declarant with personal knowledge of the facts. If there is an unpaid residue, the report shall be accompanied by a proposed amended judgment directing how that residue is to be distributed.

12. If the Court either denies the motion for final approval or continues the hearing on the motion, and if the plaintiff thereafter files any amended stipulation, proposed order or judgment, or other document in support of either that motion or a renewed motion, the plaintiff shall submit directly to the clerk of this department a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.

I. **FAILURE TO COMPLY**

1. If it appears that any attorney or party has violated any provision of this order, the Court may issue an order to show cause why monetary sanctions should not be imposed upon that attorney or party in an amount not to exceed $1,500. (Code Civ. Proc., § 177.5; Cal. Rules of Court, rule 2.30(b).)

2. If the plaintiff's counsel fails to comply with the provisions of this order concerning motions for preliminary approval or final approval of a proposed settlement, with the result that final approval of the settlement is unnecessarily delayed, then the Court may reduce

Page 14 of 15

Exhibit 1

the attorney's-fee award to plaintiff's counsel to compensate the class members for the interest lost during the delay and to deny compensation to the attorney for that deficiency in the attorney's services.

J.     <u>OTHER</u>

_X__   The Case Management Conference shall be conducted in this department on June 30, 2017, at 8:30 A.M.

____   The status conference currently set for ___, 2017, is vacated.

____   This CMO #2 entirely supersedes CMO #1, filed ___.


Craig G. Riemer, Judge of the Superior Court


**Page 15 of 15**


Exhibit 1
- 27 -

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

CLERK'S CERTIFICATE OF MAILING

TIANA ADAMS

vs.                                    CASE NO. RIC1707024

LIVE NATION ENTERTAINMENT INC

TO: CALLAHAN, THOMPSON, SHERMAN & CAUDILL
    2601 MAIN STREET
    SUITE 800
    IRVINE CA 92614

I certify that I am currently employed by the Superior Court of
California, County of Riverside and I am not a party to this action
or proceeding. In my capacity, I am familiar with the practices and
procedures used in connection with the mailing of correspondence. Such
correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the attached
Judge Craig G. Riemer on this date, by depositing
said copy as stated above.

                                    Court Executive Officer/Clerk

Dated: 04/28/17                     by: _____
                                        SUSAN M SALAZAR, Deputy Clerk

Exhibit 1
- 28 -

JUN 27 2017

Exhibit 1
- 29 -

1  LEE A. SHERMAN, ESQ. (SBN 172198)
   KYLE R. DiNICOLA, ESQ. (SBN 197542)
2  **CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**
   2601 Main Street, Suite 800
3  Irvine, California 92614
   Telephone    (949)  261-2872
4  Facsimile:    (949)  261-6060
   Email: lsherman@ctsclaw.com
5            kdinicola@ctsclaw.com

6  Attorneys for Plaintiff,
   **TIANA ADAMS**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **THE COUNTY OF RIVERSIDE—CENTRAL DISTRICT**

10

11 TIANA ADAMS, individually and on behalf    CASE NO.: RIC1707024
   of all others similarly situated,          [Unlimited Civil Case]
12
                                              ASSIGNED FOR ALL PURPOSES TO:
13            Plaintiff,                       HON. JUDGE CRAIG G. RIEMER
                                              DEPARTMENT 5
14      vs.

15 LIVE NATION ENTERTAINMENT, INC.,          **NOTICE OF CONTINUANCE OF CASE**
   VIVID SEATS, LTD., a California           **MANAGEMENT CONFERENCE**
16 corporation and DOES 1-25, Inclusive,
                                              DATE:      September 8, 2017
17            Defendants.                      TIME:      8:30 a.m.
                                              DEPT.:     5
18

19

20                                            COMPLAINT FILED:    04/20/2017
                                              TRIAL DATE:         NONE
21

22      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23      NOTICE IS HEREBY GIVEN that the Case Management Conference in the above-entitled

24 matter was held on June 30, 2017, at 8:30 a.m. before the Honorable Craig G. Riemer in Department

25 5 of the above-entitled court.  Plaintiff appeared by and through her counsel of record, Kyle R.

26 DiNicola, Esq. of Callahan, Thompson, Sherman & Caudill, LLP.  There were no other appearances.

27

28

─────────────────────────────────────────────────────
      NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE

Exhibit 1
- 30 -

1      The Court continued the Case Management Conference to September 8, 2017, at 8:30 a.m.,

2 in Department 5 of the above-entitled court, located at 4050 Main Street, Riverside, California

3 92501.

4

5 DATED: July 17, 2017            **CALLAHAN, THOMPSON, SHERMAN &**

6                         **CAUDILL, LLP**

7                   By:_____

8                     LEE A. SHERMAN

                      KYLE R. DiNICOLA

9                     Attorneys for Plaintiff

                    **TIANA ADAMS**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE

Exhibit 1
- 31 -

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA      )

3

COUNTY OF ORANGE      )

4

I am employed in the County of Orange, State of California, I am over the age of 18 years and not

5

a party to the within action; my business address is 2601 Main Street, Suite 800, Irvine, California.

On this date, July 18, 2017, I served the foregoing document described as:

6

### NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE

7

I enclosed a true copy of said documents in a sealed envelope or package addressed to the persons

8

noted below.

9

   X   (By United States Mail)  I placed the envelope for collection and mailing, following our

10

firm's ordinary business practices.  I am familiar with our firm's practice for collecting and
processing correspondence for mailing.  On the same day that correspondence is placed for

11

collection and mailing, it is deposited in the ordinary course of business with the United States
Postal Service, in a sealed envelope with postage fully prepaid.

12

____ (By overnight delivery)  I enclosed the documents in an envelope or package provided by

13

an overnight delivery carrier and addressed to the persons listed below.  I placed the envelope or
package for collection and overnight delivery at an office or a regularly utilized drop box of the

14

overnight delivery carrier.

15

____ (By electronic service)  Based on a court order or an agreement of the parties to accept
service by electronic transmission, I caused the documents to be sent to the persons at the electronic

16

notification addresses listed below.

17

____ (By personal service)  I served the documents by delivering the envelope, by hand, to the
persons listed below.

18

____ (By [Insert Electronic Service Provider])  I caused the above-entitled documents to be

19

served through [Insert Electronic Service Provider]) addressed to all parties appearing on the
[Insert Electronic Service Provider]) electronic service list for the above-entitled case.  The file

20

transmission was reported as completed and a copy of the [Insert Name of Electronic Service Filing
Receipt]) pages will be maintained with the original documents in our office.  Service will be

21

deemed effective as provided for in the Electronic Case Management Order.  I have complied with
California Rules of Court, Rule 2.257(a) and the original, signed Proof of Service is available for

22

review and copying at the request of the court or any party.

23

I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.  I further declare that I am employed in the office of a member of the bar of this court

24

at whose direction the service was made.

25

Executed on July 18, 2017, at Irvine, California.

26

JULIE LEIMAN

27

28

PROOF OF SERVICE

Exhibit 1
- 32 -

**SERVICE LIST**

Case Name:       Adams v. Vivid Seats
RCSC Case No.:   RIC1707024

Craig I. Varnen, Esq.                       Attorney for Defendant
IRELL & MANELLA LLP                         LIVE NATION ENTERTAINMENT, INC.
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Tel:       (310) 203-7550
Fax:       (310) 203-7199
Email:   cvarnen@irell.com

Daniel A. Rozansky, Esq.                    Attorney for Defendant
JENNER & BLOCK                              VIVID SEATS, LTD.
633 West 5th St., Suite 3600
Los Angeles, CA 90071-2054
Tel:       (213) 239-5100
Fax:       (213) 239-5199
Email: drozansky@jenner.com

PROOF OF SERVICE

Exhibit 1
- 33 -

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

RI-025

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Lee A. Sherman, Esq. (SBN 127198)
Kyle R. DiNicola, Esq. (SBN 297542)
CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP
2601 Main Street, Suite 800
Irvine, CA 92614

TELEPHONE No.: (949) 261-2872      FAX NO. *(Optional):* (949) 261-6060
E-MAIL ADDRESS *(Optional):* lsherman@ctsclaw.com
ATTORNEY FOR *(Name):* TIANA ADAMS

*FOR COURT USE ONLY*

TITLE OF CASE: ADAMS V. LIVE NATION ENTERTAINMENT, INC.

CASE NUMBER:
RIC1707024

| AMENDMENT TO | ☒ COMPLAINT | ☐ CROSS COMPLAINT |
|---|---|---|

**FICTITIOUS NAME** (No order required)

Upon filing the complaint * herein, plaintiff(s)* being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of _____ and having discovered the true name of the said defendant to be _____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

| _____ | _____ | _____ |
|---|---|---|
| (DATE) | (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION) | (SIGNATURE) |

**INCORRECT NAME** (Requires order thereon)

Plaintiff(s)* having designated a defendant in the complaint* by the incorrect name of   VIVID SEATS, LTD.

and having discovered the true name of the said defendant to be VIVID SEATS LLC

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

| July 19, 2017 | LEE A. SHERMAN | *[signature]* |
|---|---|---|
| (DATE) | (TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION) | (SIGNATURE) |

**ORDER**

Proper cause appearing, plaintiff(s)* allowed to file the above amendment to the complaint.*

| _____ | _____ |
|---|---|
| (DATE) | (JUDGE OF THE SUPERIOR COURT) |

*Complaint can also mean a cross-complaint.  Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).

Page 1 of 1

| Approved for Optional Use | AMENDMENT TO COMPLAINT/CROSS COMPLAINT | riverside.courts.ca.gov/localfrms/loclfrms.shtml |
|---|---|---|
| Riverside Superior Court | | |
| RI-025 [Rev. 05/02/11] | | RI-025 |

Exhibit 1
- 34 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       )
COUNTY OF ORANGE       )

I am employed in the County of Orange, State of California, I am over the age of 18 years and not a party to the within action; my business address is 2601 Main Street, Suite 800, Irvine, California.

On this date, July 19, 2017, I served the foregoing document described as:

**AMENDMENT TO COMPLAINT**

I enclosed a true copy of said documents in a sealed envelope or package addressed to the persons noted below.

___X___ (By United States Mail) I placed the envelope for collection and mailing, following our firm's ordinary business practices. I am familiar with our firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_____ (By overnight delivery) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

_____ (By electronic service) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

_____ (By personal service) I served the documents by delivering the envelope, by hand, to the persons listed below.

_____ (By [Insert Electronic Service Provider]) I caused the above-entitled documents to be served through [Insert Electronic Service Provider]) addressed to all parties appearing on the [Insert Electronic Service Provider]) electronic service list for the above-entitled case. The file transmission was reported as completed and a copy of the [Insert Name of Electronic Service Filing Receipt]) pages will be maintained with the original documents in our office. Service will be deemed effective as provided for in the Electronic Case Management Order. I have complied with California Rules of Court, Rule 2.257(a) and the original, signed Proof of Service is available for review and copying at the request of the court or any party.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 19, 2017, at Irvine, California.

JULIE LEIMAN

PROOF OF SERVICE

Exhibit 1
- 35 -

**SERVICE LIST**

Case Name:        Adams v. Vivid Seats
RCSC Case No.:   RIC1707024

Craig I. Varnen, Esq.                    Attorney for Defendant
IRELL & MANELLA LLP                      LIVE NATION ENTERTAINMENT, INC.
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Tel:      (310) 203-7550
Fax:      (310) 203-7199
Email:   cvarnen@irell.com

Daniel A. Rozansky, Esq.                 Attorney for Defendant
JENNER & BLOCK                           VIVID SEATS, LTD.
633 West 5th St., Suite 3600
Los Angeles, CA 90071-2054
Tel:      (213) 239-5100
Fax:      (213) 239-5199
Email: drozansky@jenner.com

PROOF OF SERVICE

Exhibit 1
- 36 -